# MKW
## MAURIEL KAPOUYTIAN WOODS LLP

New York Office
15 W. 26th Street, 7th Floor
New York, New York 10010
Phone: 212-529-5131
Fax:     212-529-5132

California Office
450 Sansome Street, Suite 1005
San Francisco, California 94111
Phone: 415-738-6228

www.mkwllp.com

Marc J. Pernick
415-738-7391
mpernick@mkwllp.com

July 29, 2019

Honorable Sandra J. Feuerstein
United States District Court for the
Eastern District of New York
100 Federal Plaza
Courtroom 1010
Central Islip, NY 11722

VIA ECF

Re:  *Matkal v. VG Rush/Priceless/Savewize* (2:18-02833-SJF-AKT)

Dear Judge Feuerstein:

We represent Defendant and Third-Party Plaintiff VG Rush Corp. ("VG Rush") in this action. In advance of the July 30, 2019 Status Conference, VG Rush submits this letter to apprise the Court of one significant and very recent development in the case.

The deadline for Plaintiff Matkal, LLC ("Matkal") to complete its discovery is July 30, 2019. (*See* Minutes of May 30, 2019 Status Conference (ECF No. 51).) Right on the cusp of that deadline (*i.e.*, last Friday evening, July 26, 2019), Matkal served VG Rush with a motion to amend the pleadings that would – at the last minute – change the complexion of this case dramatically.

Matkal's proposed amended complaint attempts to add Blue Point Solutions, LLC ("Blue Point") as a party plaintiff. According to this pleading, although VG Rush sold the 278 Magformers toy sets at issue in this case to Matkal, it is not Matkal who later tried to sell the allegedly counterfeit goods on Amazon and got suspended by Amazon. The pleading admits that *Matkal* was not suspended by Amazon and that, in fact, *Matkal* did not suffer any of the supposed harms that it has always alleged resulted from the suspension.

The proposed amended complaint reveals that Matkal gave the Magformers to its alleged affiliate Blue Point, that Blue Point tried to sell them on Amazon, that *Blue Point later got suspended by Amazon*, and that – if any damage occurred (which VG Rush disputes) – it is *Blue Point* that was damaged.

Mauriel Kapouytian Woods LLP

Honorable Sandra J. Feuerstein
July 29, 2019
Page 2 of 3

VG Rush will oppose Matkal's motion to amend on several grounds. First, the newly alleged facts regarding the Matkal/Blue Point relationship were – by definition – known to Matkal at the time it filed suit. Indeed, these facts were in Matkal's exclusive possession and VG Rush had no way to know them. VG Rush did later (over a year ago) serve document requests asking Matkal to produce documents sufficient to identify (a) its "corporate and management structure, including … each of its divisions, affiliates, managers, directors and officers," and (b) its "past and present parents, subsidiaries, divisions, affiliates, and predecessors[.]" But Matkal objected to both requests and refused to produce responsive documents. Matkal thus has concealed from VG Rush the very facts that it is now – right as discovery closes – trying to place front-and-center in a case-changing amendment.

Finally, although Matkal tries to downplay the significance of its proposed pleading, the facts alleged in the amended complaint would have a dramatic impact on this case. Matkal now concedes that – even taking all of its allegations as true – it was not damaged at all as a result of purchasing the Magformers products from VG Rush. And, while the amended complaint would allege that Blue Point suffered damages after Matkal transferred the goods to Blue Point and Blue Point tried to sell them on Amazon, Blue Point was not in privity with VG Rush. Blue Point hence cannot maintain claims against VG Rush. *See, e.g.*, *Dixon v. Ford Motor Co.*, 2015 U.S. Dist. LEXIS 146263, *12 (E.D.N.Y. Sep. 30, 2015) ("the general rule in New York is that, absent privity, a plaintiff cannot recover damages for economic loss based upon breach of implied warranty"); *Arthur Glick Leasing, Inc. v. William J. Petzold, Inc.*, 858 N.Y.S.2d 405, 408 (App. Div. 2008) ("we agree with Caterpillar's assertion that it had no privity of contract with plaintiff, rendering any claim of breach of implied warranties ineffective as a matter of law").

VG Rush will brief its opposition to Matkal's motion in due course. But the Court should not allow Matkal to change this case so dramatically now that discovery is closing. Nor should the Court allow Matkal to reopen discovery and further extend this meritless case, especially based on facts that Matkal knew back when it filed suit.

Matkal's claims for its bloated consequential damages never had any substantive merit. The facts that Matkal has just surfaced destroy its claims – and those of the newly proposed plaintiff – even further.

Mauriel Kapouytian Woods LLP

Honorable Sandra J. Feuerstein
July 29, 2019
Page 3 of 3

                                          Respectfully Submitted,

                                          /s/ Marc J. Pernick

                                        Marc J. Pernick

cc.     Counsel via ECF