
September 23, 2019

**Dustin F. Hecker**
617-973-6131 DIRECT
617-722-4927 FAX
dustin.hecker@arentfox.com

**VIA ECF**

The Hon. Sandra J. Feuerstein, U.S.D.J.
United States District Court, Eastern District of New York
Central Islip Courthouse
100 Federal Plaza, Courtroom 1010
Central Islip, NY 11722

**Re:  Matkal LLC d/b/a Blue Point v. VG Rush Corp., Case No. 2:18-02833-SJF-AKT**

Dear Judge Feuerstein:

The undersigned counsel for the plaintiff, Matkal LLC ("Matkal"), and the defendant VG Rush Corp. ("VG Rush"), submit this joint status report in advance of the scheduled September 25, 2019 status conference in the above referenced case.

As your Honor will remember, in advance of the telephonic status conference held on July 29, 2019, the Court was informed that Matkal had served a motion for leave to file an amended complaint substituting as the party plaintiff its affiliate Blue Point Solutions, LLC ("Blue Point"). The motion had not yet been filed with the Court, as the time within which a response was due had not yet expired. Shortly before the status conference, VG Rush submitted a letter to the Court indicating, in summary terms, the grounds on which it believed the motion should be denied, and Matkal submitted a letter indicating, in summary terms, the grounds on which it believed the motion should be granted. At the July 29, 2019 conference, the Court indicated it would deny the motion for leave to amend, and the motion papers never were filed.

On July 29, the Court also ordered the parties to appear for this week's status conference.  The Court indicated it expected to hear from the parties on or before September 25, 2019 that Matkal's claims would be dismissed. After discussion with his client, counsel for Matkal on August 29 informed counsel for VG Rush that Matkal was prepared to dismiss its claims.  Counsel have discussed since then the terms of the dismissal. Matkal is prepared – without conditions – to dismiss its claims in this case, with prejudice and with normal statutory costs to VG Rush.  Matkal has, in short, agreed to do what the Court suggested in July should occur.  That, Matkal submits, should be the end of this case.

**Matkal's Statement**.  VG Rush has proposed certain conditions for its agreement to execute a stipulation of dismissal, to which Matkal does not agree. Matkal cannot agree (essentially, on behalf of its affiliate Blue Point) that the dismissal of the claims against it would necessarily preclude any claims by Blue Point. Had VG Rush assented to the amended complaint, Blue Point's claim as the principal[1] for the purchase of the products at issue through Matkal, which acted as a purchasing agent, would have been resolved in this case one way or the other.[2]  But VG Rush objected to Blue Point's joinder, and that issue never was litigated.  VG Rush cannot both preclude Blue Point from being a party to the case and request a determination (perhaps in reality an advisory opinion) from the Court of Blue Point's rights as if it was a party.

To be clear, Matkal did ***not*** (and does not) take the position VG Rush must agree a dismissal of Matkal's claims could have no effect on any potential claims by Blue Point.  Rather, the legal effect of the dismissal with prejudice of Matkal's claims can only be determined if Blue Point ever is a party to a case against VG Rush.

Matkal also declines to agree to pay any attorney's fees to VG Rush, which was an alternative request by VG Rush. If need be both sides can brief this matter fully, which VG Rush has not presented by formal notice of motion. However, as VG Rush admits in its statement below, recovery of attorney's fees simply is not allowed where the plaintiff is prepared to dismiss its claims with prejudice, accepting the potential consequences of such a dismissal. Had VG Rush assented to the amended complaint, Blue Point likely would have become a party to this case.  If Blue Point then was only prepared to dismiss its claims without prejudice, perhaps the result would be different. But while Blue Point requested to be a party, it is not.  Whether it is prepared to walk away from its claims is not relevant where Matkal, the only party plaintiff, is prepared to dismiss its claims with prejudice.

Moreover, on a practical level, VG Rush's attorneys knew about the (straightforward) relationship between Blue Point and Matkal before they took the only deposition they noticed, that of Yossi Zaklikowski, one of the two principals of both companies.  They asked many questions about that relationship.[3]  VG Rush's lawyer asked Matkal's and Blue Point's principal questions about Blue Point's relationship with Matkal,[4] Blue Point's relationship with Amazon, what happened, what losses were incurred whether at the Blue Point or Matkal level, and anything else that would be relevant to defend against any claim Blue Point might in the future bring.

---

[1] During discovery, it was made clear that VG Rush had shipped in 2017 the Magformers products at issue to an Amazon warehouse using shipping labels that read "Blue Point Solutions LLC."

[2] *See, e.g, Bristol Village, Inc. v. Louisiana-Pacific Corp.,* 916 F. Supp. 2d 357, 364 (W.D. N.Y. 2013) (discussing principal's right to sue under agency theory for liability on implied warranty claims); *American Elec. Power Company, Inc. v. Westinghouse Electric Corp.,* 418 F. Supp. 435, 447-48 (S.D.N.Y. 1976) (discussing agency theory).

[3] Matkal noticed and took the deposition of Magformers and of a principal of VG Rush.  No other depositions were taken, and only VG Rush and Matkal participated in the depositions.

[4] As discussed in footnote 1 above, in 2017 VG Rush mailed the Magformers products at issue in this case to an Amazon warehouse in the name of "Blue Point Solutions LLC."

None of that discovery has been wasted. Discovery in any future case would involve the same documents and testimony from the same people. None of the discovery would need to be repeated. Both parties can hold onto the deposition transcripts and the documents that were produced and just use them again. VG Rush would need to do no further discovery -- and it would incur no further discovery costs -- unless *it* chose to expand discovery beyond what occurred here.

Matkal is prepared to dismiss its claims with prejudice and with normal costs to VG Rush. While Matkal continues to believe the substantive claims have merit, it is fully prepared to do what it understood the Court had suggested on July 29, 2019 should occur. Matkal is prepared if necessary to file an appropriate motion for dismissal and to oppose any formal request for attorneys' fees but hopes that will not be necessary.

**VG Rush's Statement.** VG Rush agrees that the Court should dismiss Matkal's claims with prejudice. It is now clear that Matkal's case – from the date of its inception – fails as a matter of law. Matkal was never suspended by Amazon and Matkal suffered no harm based on VG Rush's alleged conduct. Only Matkal's affiliate Blue Point got suspended by Amazon. Unfortunately, this litigation was allowed to persist because notwithstanding VG Rush's requests asking for documents describing Matkal's corporate structure and affiliates, Matkal failed to disclose during discovery that it even had this affiliate. Matkal suggested instead that Blue Point was a part of Matkal. Because Matkal forced VG Rush to litigate a meritless case for almost a year-and-a-half, the Court should dismiss Matkal's claims with prejudice.[5]

The parties have two disputes regarding the dismissal. First, VG Rush believes that the res judicata effect of the dismissal should extend to Blue Point. The law in the Second Circuit and New York is clear on this issue.[6] Specifically, "the principle of privity bars relitigation of the same cause of action against [or by] a new [party] known by a plaintiff at the time of the first suit where the new [party] has a sufficiently close relationship to the original [party] to justify preclusion." *Harding*, 2013 U.S. Dist. LEXIS 54217 at *18-19. "[T]he existence of privity between parties is a functional

---

[5] Matkal implies that VG Rush had an opportunity to conduct meaningful discovery into the alleged relationship between Matkal and Blue Point. That is not accurate. Matkal's April 19, 2018 complaint begins by alleging that "Blue Point" was simply a "d/b/a" for the named plaintiff Matkal LLC. For the next fifteen months, Matkal never once distinguished Matkal from Blue Point. Matkal continued to litigate as if Matkal and Blue Point were the same entity. Matkal also expressly refused to produce documents regarding its relationships with any corporate affiliates. On July 22, 2019, Matkal sent VG Rush its draft amended complaint that – for the first time – finally disclosed that Blue Point was supposedly its affiliate, and that Blue Point is the entity that did business on Amazon and suffered the harm alleged in this case. This was just *one week* before discovery closed and *one week* before VG Rush deposed Matkal's (and Blue Point's) owner. That VG Rush had an opportunity to ask some questions in a deposition does not excuse Matkal's conduct or cure the prejudice that Matkal caused.

[6] When assessing the preclusive effect of a decision "rendered by a district court sitting in diversity," "the preclusion law that [ ] applie[s]" is that of "the State in which the federal diversity court sits," *i.e.*, New York. *Algonquin Power Income Fund v. Christine Falls of N.Y., Inc.*, 362 F. App'x 151, 154 (2d Cir. 2010). In any event, ""there is no discernible difference between federal and New York law concerning res judicata and collateral estoppel." *Id.*; *see also Harding v. Paramount Pictures*, 2013 U.S. Dist. LEXIS 54217, *15 (S.D.N.Y. Jan. 16, 2013).

inquiry and not merely a static examination of legal status. Privity may be found where a party's interest in litigation is virtually identical to an interest it had in a prior litigation, where it was not actually named, but can be said to have had virtual representation…." *Melwani v. Jain*, 2004 U.S. Dist. LEXIS 16867, *5 (S.D.N.Y. Aug. 23, 2004) (citations and internal quotation marks omitted). "[T]he fact that the parties in the prior and current litigation had the same attorney is of singular significance in the privity analysis." *Id.*

VG Rush believes that Matkal and Blue Point are in privity. The two entities are affiliates who are both owned by Matkal's CEO, "headquartered at the same place" (Dkt. No. 53 at 1), and represented by the same counsel. In circumstances like these, courts applying the New York privity standard bar corporate entities like Blue Point from bringing claims that a close affiliate – like Matkal – already brought and lost. *See BGC Capital Mkts. L.P. v. Tullett Prebon America's Corp.*, 2013 N.Y. Misc. LEXIS 5513, *17 (Sup. Ct. Nov. 21, 2013); *Farber v. Goldman Sachs Grp., Inc.*, 2011 U.S. Dist. LEXIS 16673, *12 (S.D.N.Y. Feb. 16, 2011); *Laramie Springtree Corp. v. Equity Residential Props. Tr.*, 832 N.Y.S.2d 672, 674 (App. Div. 2007); *Melwani*, 2004 U.S. Dist. LEXIS 16867 at *7.

Nevertheless, Matkal does not agree that its dismissal with prejudice will have res judicata effect on Blue Point. Matkal contends that Blue Point should have the opportunity to bring a new lawsuit against VG Rush seeking the same relief that Matkal has already sought here. This leads to the parties' second dispute: attorney's fees.

The typical practice regarding fee awards is straightforward. "Courts often grant fee awards when a plaintiff dismisses a suit *without* prejudice under Rule 41(a)(2)." *Jewelers Vigilance Comm., Inc. v. Vitale Inc*., 1997 U.S. Dist. LEXIS 14386, *12 (S.D.N.Y. Sep. 12, 1997) (emphasis in original) (citing *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985)). "The purpose of such awards is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses upon him." *Jewelers Vigilance*, 1997 U.S. Dist. LEXIS 14386 at *12 (quoting *Colombrito*, 764 F.2d at 133).

"By contrast, courts have rarely awarded attorney's fees when an action is dismissed voluntarily *with* prejudice." *Jewelers Vigilance*, 1997 U.S. Dist. LEXIS 14386 at *14 (emphasis in original) (citing *Colombrito*, 764 F.2d at 133-34). "In those circumstances, attorney's fees are inappropriate because the defendant 'has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial, in which event (absent statutory authorization) the American Rule would preclude such an award.'" *Jewelers Vigilance*, 1997 U.S. Dist. LEXIS 14386 at *13-14 (quoting *Colombrito*, 764 F.2d at 134).

This case is atypical. Although Matkal is willing to dismiss its case with prejudice – as it should – Matkal has made clear that Blue Point may sue VG Rush again based on the same facts that Matkal already litigated here. VG Rush should not have to pay counsel a second time to defend

itself again in a second suit brought by Blue Point. The Court should therefore award VG Rush not just its costs (to which Matkal agrees), but also its attorney's fees. *Compare Rogers v. Black & Decker Corp.*, 2006 U.S. Dist. LEXIS 68718, *6 (N.D.N.Y. Sep. 22, 2006).[7]

Matkal now speculates that VG Rush will not need any new discovery in the second case that Blue Point might bring. That is far from a certainty. If nothing else, given that Blue Point is not in privity with VG Rush and did not purchase goods from VG Rush, Blue Point would have to establish that it has a right to assert claims against VG Rush. This will entail further litigation and further discovery. There is also no guarantee that Blue Point would do everything else in the hypothetical case exactly the same way as Matkal has done it here. Having already forced VG Rush to waste a year-and-a-half in needless litigation, Matkal should bear the expenses of making VG Rush do it again.

Respectfully submitted,

MATKAL LLC
By its attorneys,

/s/ Dustin F. Hecker
Dustin F. Hecker (*pro hac vice*)
ARENT FOX LLP
Prudential Tower
800 Boylston St., 32nd Floor
Boston, MA 02199

VG RUSH CORP.
By its attorneys,

/s/ Marc J. Pernick
Marc J. Pernick (*pro hac vice*)
MAURIEL KAPOUYTIAN WOODS LLP
275 Batter Street, Suite 480
San Francisco, CA 94111

cc: Counsel via ECF

---

[7] If the Court grants VG Rush's request for fees, VG Rush will submit evidence of the costs and fees that it has incurred. *See Universal Marine Med. Supply, Inc. v. Lovecchio*, 1999 U.S. Dist. LEXIS 9592, *19 (E.D.N.Y. May 7, 1999).